*Supp.3 Opinion
ROBERSON, P. J.
Appellant challenges his conviction for filing a false report of a criminal offense, in violation of Penal Code section 148.5.[1]
Facts
The arrest report[2] establishes the following pertinent facts:
On September 26, 1991, at approximately 3 a.m., sheriff’s deputies stopped a car, suspecting that the driver of the vehicle was under the influence. Immediately after the car was stopped, appellant, a passenger in the vehicle, exited the vehicle and began accusing the officers of stopping their vehicle only because the occupants were Black, and other similar accusations. The deputies asked the driver and appellant for identification. The driver cooperated, but appellant would provide nothing other than his name. The driver then stated she had appellant’s driver’s license in her purse, and she gave it to the deputies. Appellant was subsequently arrested on two outstanding warrants, and the driver was arrested for driving under the influence.
After appellant had been arrested, he began accusing the deputies of stealing money he claimed he had with him that night. The deputies checked a folder appellant had with him, and found it contained $6. Appellant contended the folder should have had $200 in it, and accused the deputies of being thieves. A sergeant called to the scene questioned the driver concerning appellant’s allegation. She stated that when she had gone to pick up appellant at his house, he had $1,000, but she made him leave it at home. She told the sergeant that appellant had only $20 when he left the house, and after paying for drinks that evening she thought he would have about $5 left.
After appellant was transported to the police station, he again contended the deputies had stolen his money. In response to this, appellant was given a departmental complaint form, and told to complete it. Before appellant completed the form, the deputies told appellant what the driver had said, and they allowed the driver to speak with appellant, whereupon she told appellant that he left his money at home and that he only had about $5 left. Following this conversation, appellant completed the complaint form, in which he contended that $500 had been taken from him by the deputies who arrested him.
*Supp.4 Appellant asked the sergeant if the complaint form was an “official report of the theft,” to which the sergeant replied that it was official for administrative purposes but that it would not necessarily be submitted to the district attorney for criminal prosecution. Appellant was advised by the sergeant regarding section 148.5, for filing a false police report. Appellant insisted that an “official report” be filed. The only written complaint signed by appellant is entitled “Los Angeles County Sheriff’s Citizen Complaint Form.”
Four days later, on September 30, 1991, a supplemental report was written, indicating that Detective Robert Martin telephoned appellant concerning the alleged theft of the $500. Appellant responded that after his release he had gone home and found his money. He stated he was withdrawing his complaint about the officers and did not want to discuss the matter further. Appellant was subsequently arraigned and convicted on a single charge of violating section 148.5, for filing a false report of a criminal offense.
Discussion
Appellant contends he should have not been charged with filing a false report of a criminal offense because when he insisted that an “official report of the theft” be made, he was demanding to make a citizen’s complaint under section 832.5[3] rather than a report of a criminal offense as envisioned by section 148.5. Alternatively, appellant contends his conduct overlapped both statutes such that he should have been protected from section 148.5 criminal charges due to his right to air his complaint under section 832.5.
Appellant correctly asserts that under Pena v. Municipal Court (1979) 96 Cal.App.3d 77 [157 Cal.Rptr. 584], a citizen’s complaint of an officer’s conduct made to the department cannot be considered as a report of a criminal offense under section 148.5. The court in Pena held that a complaint to the police department asserting misconduct by police officers does not constitute the crime prescribed by section 148.5 of reporting to a police officer that a felony or misdemeanor has been committed, knowing such report to be false. (Pena, supra, at p. 83.)
As noted by both the trial court in this case and the appellate court in Pena, there are many gray areas where the reported misconduct of the officer *Supp.5 may also be the basis for a criminal investigation against that officer. “Many, if not most, allegations of police misconduct are also violations of various criminal statutes.” (Pena v. Municipal Court, supra, 96 Cal.App.3d at p. 83.) The trial court here repeatedly expressed its concerns as to whether appellant’s statements fell within or outside the protective guarantees of section 832.5. At one point, the trial court even stated, “It [appellant’s conduct] is something, quite frankly, that there could be a reasonable way of looking at it in other ways. I’m not sure that I’m right.”
In determining whether a report should be treated as a citizen’s complaint under section 832.5 or whether it can be used as a basis to prosecute a citizen for filing a false police report, courts have determined that the importance of providing the community an avenue to report alleged misconduct by peace officers overrides concerns that this process may be abused by individuals to falsely report police misconduct. In addition, it appears that the Legislature, in adopting section 832.5, has indicated its desire that complaints regarding alleged police misconduct are to be encouraged. “The importance of providing channels to assure ‘utmost freedom of communication between citizens and public authorities whose responsibility is to investigate wrongdoing’ requires that any doubts should be resolved in favor of finding the communication to be privileged.” (Pena v. Municipal Court, supra, 96 Cal.App.3d at pp. 82-83, quoting Brody v. Montalbano (1978) 87 Cal.App.3d 725, 733 [151 Cal.Rptr. 206].) Pena continues, stating: “Allowing police officials to prosecute a citizen for filing a complaint against an officer under Penal Code section 832.5 by using provisions of Penal Code section 148.5 would have the tendency to ‘chill’ the willingness of citizens to file complaints, particularly on weak evidence and when the same entity against which the complaint is made will be investigating the accusations.” (Pena, supra, at p. 83, citing White v. Davis (1975) 13 Cal.3d 757, 767 [120 Cal.Rptr. 94, 533 P.2d 222].)
This last statement is especially compelling in the instant case. Here, it appears from the facts of the arrest report that appellant’s main concern was that his accusation would not be taken seriously, or even just thrown away, because the same entity he was accusing of misconduct, the sheriff’s department, would be the department investigating the allegation. The arrest report states that appellant said at least twice he felt the sheriff’s department would “cover up” the matter because he was accusing sheriff’s deputies of being thieves. We do not find it unreasonable to construe appellant’s request that an “official report of the theft” be made as appellant’s way of seeking assurance that his complaint would in fact be taken seriously, and not “whitewashed” or “covered up.” We also note that it does not appear from the record that the deputies attempted to tell him the citizen’s complaint would be reviewed seriously.
*Supp.6 Our review of section 148.5 indicates that: “[a] common sense reading of [section 148.5] . . . suggests that the section is intended to deter false reports of crimes and the resulting inconvenience and danger to other members of the public .... [Citation.] This interpretation is supported by the fact Penal Code section 148.5 is one in a series of sections designed to prevent false reports to those responsible for police and fire protection and other emergency services.” (Pena v. Municipal Court, supra 96 Cal.App.3d at p. 82, italics added.) Here, appellant’s complaint did not cause the sheriff’s department to take any action that may have resulted in danger or even inconvenience to any member of the public. The action taken by the sheriff’s department, specifically a follow-up call a few days later, was exactly the same action that would likely have occurred in the investigation of any citizen’s complaint. As noted above, section 832.5, subdivision (a), requires police departments to “establish a procedure to investigate citizens’ complaints against the personnel of such departments . . . .” In addition, “such departments or agencies . . . shall make a written description of the procedure available to the public.” {Ibid.) Therefore, even if the sheriff’s department had treated the complaint solely as a citizen’s complaint under section 832.5, it was still required to investigate the complaint. The mere fact, then, that a detective took the time to make a follow-up call does not itself alter the nature of the complaint or increase the seriousness of appellant’s charges against the deputies.
As stated by the Pena court: “The public policy considerations expressed in [Imig v. Ferrar (1977) 70 Cal.App.3d 48 (138 Cal.Rptr. 540)] to bar a civil action on a citizen’s grievance are equally applicable to a criminal action based on the contents of such a complaint: [^] ‘The policy underlying the privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing. . . . [f] . . . [I]t is distressing and demoralizing for police officers to be subjected to false accusations ... but that may be one of the crosses that a police officer must bear, in light of the power ... the state places in his hands.’ (Imig v. Ferrar, supra, at pp. 55-56.) These policy reasons are applicable even if they sometimes have the incidental effect of providing immunity to the ‘malignant slanderer.’ (Tiedemann v. Superior Court (1978) 83 Cal.App.3d 918, 925 [148 Cal.Rptr. 242].)” (Pena v. Municipal Court, supra, 96 Cal.App.3d at pp. 82-83.)
Without deciding whether a person has an absolute right to file a criminal complaint against a peace officer and always avoid prosecution under section 148.5, we find the charge against appellant, based on the facts of this case, to be excessive and unwarranted. His complaint was not clearly a complaint within the definition of section 148.5. Because doubts as to the nature *Supp.7 of the complaint should be resolved in favor of finding the complaint to be privileged under section 832.5 (Pena v. Municipal Court, supra, 96 Cal.App.3d at pp. 82-83, quoting Brody v. Montalbano, supra, 87 Cal.App.3d at p. 733), the judgment in this case must be reversed.
Disposition
The judgment is reversed.
Soven, J., and Watai, J., concurred.

All further statutory references will be to the Penal Code unless otherwise indicated.

The matter was submitted to the court for its ruling based solely upon the facts stated in the arrest report.

Section 832.5, subdivision (a) states: “Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens’ complaints against the personnel of such departments or agencies, and shall make a written description of the procedure available to the public,”