[No. D031470. Fourth Dist., Div. One. Nov. 2 1999.]

SAN DIEGO POLICE OFFICERS ASSOCIATION et al., Plaintiffs and Appellants, v.
SAN DIEGO POLICE DEPARTMENT et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Everett L. Bobbitt, Everett L. Bobbitt and Sanford A. Toyen for Plaintiffs and Appellants.

Casey Gwinn, City Attorney, Anita M. Noone, Assistant City Attorney, and Penny L. Castleman, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**McINTYRE, J.**—San Diego Police Officers Association and Garry Collins (SDPOA) appeal from a judgment discharging a writ of mandamus and granting attorney fees. The primary issue on appeal is whether Penal Code section 148.6 (hereafter section 148.6) applies in situations other than when a citizen makes an allegation of misconduct by a police officer during the performance of his or her duties. We hold it does not. Additionally, we hold that the award of attorney fees was well within the trial court's discretion. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Section 148.6, subdivision (a) provides:

"(1) Every person who files any allegation of misconduct against any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, knowing the allegation to be false, is guilty of a misdemeanor.

"(2) Any law enforcement agency accepting an allegation of misconduct against a peace officer shall require the complainant to read and sign the following advisory, all in boldface type:

"YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER FOR ANY IMPROPER POLICE CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

"IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.

"I have read and understood the above statement.

_____

Complainant"

SDPOA filed a petition for a writ of mandamus to compel the San Diego Police Department (the Police Department) to issue the advisory warning set forth in section 148.6 and require the complainant's signature in every instance in which a person makes a complaint regarding a police officer, including equal employment opportunity (EEO) complaints made by other police officers and civilian employees of the Police Department, and complaints of on- or off-duty criminal activity by an officer. The Police Department responded that section 148.6 required it to issue the advisory only to members of the public making complaints of misconduct by a police officer during the performance of his or her duties. There is a dispute in the record regarding whether the Police Department's policy was to issue the advisory in instances when citizens complained of on-duty police misconduct that also rose to the level of a criminal offense.

At oral argument, the trial court stated, "I believe that the advisory includes the word 'citizen' as a modifier to the word 'complaint,' and was placed there to narrow the meaning of the word 'complaint' to include only those complaints regarding a police officer's on duty conduct towards members of the general public." The court went on to grant the SDPOA's petition "to the extent" that it sought a writ compelling the Police Department to issue the advisory under section 148.6, subdivision (a)(2) "when accepting a citizen's allegation of misconduct by a police officer during the performance of his or her duties, even if that misconduct might rise to the level of a criminal offense."

## Discussion

*Section 148.6 Applies Only to Citizens' Complaints of Police Misconduct During the Performance of an Officer's Duties*

### A. The Court Properly Relied on the Language of the Advisory in Determining the Scope of Section 148.6

SDPOA contends section 148.6 must be interpreted broadly because subdivision (a)(1) refers to "[e]very person who files any allegation of misconduct against any peace officer," and the trial court erred in relying on contradictory language of the advisory in subdivision (a)(2) to limit the scope of the statute to citizens' complaints of on-duty police misconduct. SDPOA's position is an attempt to have its cake and eat it too, however. SDPOA petitioned the court for a writ compelling the Police Department to issue the advisory in a broad range of circumstances and to require each complainant to sign the advisory. Logically, the statutorily required language of the advisory itself can and should be relied upon in determining to whom it must be issued and in what circumstances under section 148.6. The advisory specifically refers to "citizens' complaints" of "improper police conduct," and the trial court correctly inferred from this language that section 148.6 applies exclusively to complaints from the public regarding on-duty misconduct by peace officers.

### B. Legislative History

The legislative history of the statute also supports the trial court's interpretation. Prior to section 148.6's enactment in 1995, existing law made it a misdemeanor to knowingly make a false report of a crime. (§ 148.5.) However, courts held that section 148.5 did not apply to *citizens' complaints of police misconduct*, even where the alleged misconduct amounted to violations of criminal laws. (*Pena* v. *Municipal Court* (1979) 96 Cal.App.3d 77,

83 [157 Cal.Rptr. 584] [allegations of police brutality and battery during an arrest]; *People* v. *Craig* (1993) 21 Cal.App.4th Supp. 1, 3, 6 [26 Cal.Rptr.2d 184] [allegations of theft of $500 by police during an arrest].) The Legislature noted that since the Rodney King incident in March 1991, law enforcement agencies throughout the state had "revised their citizen complaint procedures to promote greater accountability on the part of their line officers." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1732 (1995-1996 Reg. Sess.).) However, a "glaringly negative side-effect which has resulted [was] the willingness on the part of many of our less ethical citizens to maliciously file false allegations of misconduct against officers in an effort to punish them for simply doing their jobs." (*Ibid.*) Against this backdrop, the Legislature enacted section 148.6, in an attempt to curb a perceived rising tide of knowingly false citizens' complaints of misconduct by officers performing their duties. There is no indication of any intent for section 148.6 to apply in other circumstances.

C.   *Section 148.6, subdivision (b)*

Section 148.6, subdivision (b) (hereafter all subdivision references are to section 148.6 unless otherwise specified), enacted in 1997, makes it a misdemeanor to file a civil claim against a peace officer or a lien against his or her property knowing the claim or lien to be false and with the intent to harass or dissuade the officer from carrying out his or her duties. Subdivision (b) is expressly limited to claims pertaining to conduct arising in the course and scope of the officer's duties. SDPOA contends that the limiting language in subdivision (b) clearly implies that subdivision (a), which contains no such language, is not restricted to citizens' false complaints of on-duty police misconduct. We disagree. As set forth above, subdivision (a) *does* contain limiting language in the form of the advisory set forth in subdivision (a)(2), which specifically refers to citizens' complaints of police misconduct. The Legislature's intent in enacting subdivision (b) was to similarly protect peace officers who were "engaged in proper conduct as law enforcement officials, from civil harassment." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2637 (1995-1996 Reg. Sess.).) The limiting language in subdivision (b) simply comports with the limits in subdivision (a).

Accordingly, we hold that subdivision (a) applies only to citizens' complaints of police misconduct during the performance of an officer's duties that may or may not rise to the level of a criminal offense. In light of our interpretation of the statute, it is unnecessary to address the Police Department's argument that requiring the advisory to be issued in the case of EEO

complaints would create a conflict with a variety of state and federal statutes.

### The Amount of Attorney Fees Awarded SDPOA Was Well Within the Trial Court's Discretion

After the writ was issued, SDPOA moved for attorney fees pursuant to Code of Civil Procedure section 1021.5. The trial court granted the motion and determined the lodestar amount of fees to be $9,378.25. However, it applied a negative multiplier of .20 to this sum and awarded SDPOA attorney fees of $1,875.65. In reducing the award, the court concluded SDPOA had achieved very limited success; the portion of its writ petition on which it prevailed (compelling the Police Department to present the advisory in cases of on-duty criminal misconduct) did not involve complex issues of law; the case did not preclude SDPOA's attorneys from working on other matters and did not involve a contingency fee; and the award of fees would ultimately be borne by the taxpayers. SDPOA does not challenge the lodestar amount, but contends the court abused its discretion in applying a .20 multiplier to this figure. We disagree. The court's reasons for reducing the award were based on the proper criteria and are amply supported by the record. (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [141 Cal.Rptr. 315, 569 P.2d 1303]; *Californians for Responsible Toxics Management v. Kizer* (1989) 211 Cal.App.3d 961, 973 [259 Cal.Rptr. 599].) The vast majority of SDPOA's time and effort was clearly spent on issues upon which the Police Department prevailed. The award of attorney fees was well within the trial court's discretion, and we affirm it.

### DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

Nares, Acting P. J., and McDonald, J., concurred.

Appellants' petition for review by the Supreme Court was denied January 19, 2000.