**Julie BEATY, Plaintiff–Appellee,**

v.

**BET HOLDINGS, INC., Defendant–Appellant.**

**No. 99–55027.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2000

Filed Aug. 24, 2000

Kenneth Klein, Amy J. Frankel, Riordan & McKinzie, Los Angeles, California, for the defendant-appellant.

Michael J. Faber, Santa Monica, California, for the plaintiff-appellee.

Before: REINHARDT and BERZON, Circuit Judges, and BREYER,* District Judge.

BERZON, Circuit Judge:

 Julie Beaty brought a successful race- and sex-harassment lawsuit under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12904 et seq., against her former employer, BET Holdings, Inc. After she prevailed at trial, she applied for and was awarded attorneys' fees under Cal. Gov't Code § 12965, which provides for such fees for the prevailing party in an FEHA case. Like federal law, see Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 517–18 (9th Cir.2000), California law commits the determination of reasonable attorneys' fees to the discretion of the trial

courts. See PLCM Group, Inc. v. Drexler, 22 Cal.4th 1084, 1095, 95 Cal.Rptr.2d 198, 997 P.2d 511 (2000) (recognizing that the "experienced trial judge is the best judge of the value of professional services rendered in his court").

 As is usually the case with matters committed to trial court discretion, a trial judge's fee award, under California law as under federal law, Passantino, 212 F.3d at 517–18, " 'will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " PLCM Group, 22 Cal.4th at 1095, 95 Cal.Rptr.2d 198, 997 P.2d 511 (quoting Serrano v. Priest, 20 Cal.3d 25, 49, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977)). The scope of our review of an award of attorneys' fees pursuant to California law is, consequently, limited to determining whether the district court abused its discretion. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 661 (9th Cir.1999). But we cannot determine whether a district court has abused its discretion without knowing whether the district court exercised the discretion committed to it. The problem presented in this case is that the district court may have—or may not have—misapprehended the applicable legal principles and therefore not exercised its discretion as to one pertinent aspect of the fee determination.

### I.

Beaty, an account manager earning $100,000 per year, alleged in her FEHA lawsuit that a company director repeatedly propositioned her for sex, and that after she complained to a supervisor, the supervisor began to harass her as well. Beaty's complaint sought compensatory and punitive damages. A jury found BET liable under the FEHA for race- and sex-based harassment and awarded Beaty $30,000 in compensatory damages.

---

* Hon. Charles R. Breyer, U.S. District Judge, for the Northern District of California, sitting by designation.

After winning at trial, Beaty filed a motion for attorneys' fees pursuant to Cal. Gov't Code § 12965(b). Claiming an hourly rate of $350 for the 1075 hours he devoted to her case, Beaty's counsel submitted that the "lodestar" amount to which he was entitled—the baseline from which attorneys' fee awards are determined—was $376,520. Beaty's counsel then requested that the lodestar be doubled based on the contingent nature of the case, the fact that he had to decline other work to pursue Beaty's case, and the novelty of the questions presented and his skill in litigating them. In response, BET argued that Beaty's fee award should be decreased by 75 percent because, *inter alia,* the jury award was far more modest than the recovery Beaty sought in her lawsuit.

The district court determined that the $350 rate is a "reasonable hourly rate." The court also concluded that "the hours submitted by plaintiff's counsel were reasonably spent on this case given the nature of the issues to be litigated and the difficulty of the case," noting that the defendant had stipulated that the plaintiff's attorney had not spent excessive time on any particular task. The district court therefore agreed that the lodestar amount was $376,520, and declined to award any fee enhancement, a decision not here challenged. BET contends, however, that because the jury awarded Beaty only $30,000 in compensatory damages and no punitive damages, the district court should have *decreased* Beaty's attorneys' fee award from the lodestar on the basis that the results Beaty obtained demonstrate a lack of success. The district court, however, refused to award less than the lodestar amount.

## II.

■■■] (A) California law allows the trial court to reduce Beaty's attorneys' fees award based on the results she obtained,

or not to reduce the fee award, as the trial judge finds is appropriate in the exercise of her discretion. BET recognized at oral argument that, if the district court was aware of its discretion to reduce Beaty's fee award based on the results she obtained and chose not to, then the lodestar fee award was reasonable and should not be disturbed on appeal. If, on the other hand, the district court misunderstood California law with regard to its authority to reduce lodestar fee awards for lack of success, then the district court abused its discretion and should have the opportunity to reconsider the fee award under the proper standard. *See Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir.1997). Unfortunately, the record before us on appeal is ambiguous with regard to whether the district court realized it had discretion under California law to reduce a lodestar fee award for lack of success.

In its October 19, 1998 Order awarding Beaty $376,250 in attorneys' fees, the district court recognized that it had discretion to award attorneys' fees, and to enhance the lodestar amount. Citing *Weeks v. Baker & McKenzie,* 63 Cal.App.4th 1128, 74 Cal.Rptr.2d 510 (1998), the district court rejected Beaty's request to enhance her lodestar amount of $376,520 on the ground that Beaty's modest compensatory damages award militated against enhancement. Wrote the district court, "While the Court has the discretion under FEHA to *enhance* the lodestar, the Court declines to do so here." (emphasis added).

■■] The district court then addressed whether it could decrease Beaty's lodestar based on the results she secured in litigation. Noting that, contrary to BET's submission, state law governing the question whether a trial court may decrease the lodestar fee award does not necessarily mimic federal law, *see Flannery v. California Highway Patrol,* 61 Cal.App.4th 629, 645–46, 71 Cal.Rptr.2d 632 (1998),[1] the dis-

---

1. California's law of attorneys' fee awards under the FEHA has diverged from federal

law as developed under civil rights fee-shifting statutes. *Flannery,* 61 Cal.App.4th at

trict court examined *Weeks* to determine whether to decrease Beaty's lodestar. In doing so, the district court at one point seemed to read *Weeks* to *require* that plaintiff's attorneys " 'receiv[e] full compensation for every hour spent litigating a claim,' " citing *Weeks,* 63 Cal.App.4th at 1176, 74 Cal.Rptr.2d 510, and stressed that *Weeks* looked into the "amount involved and the results obtained" only "in the context of an enhancement." In the end, the district court was of the view that there is "no relevant California authority to support the request to reduce plaintiff's counsel's lodestar." At the same time, though, the district court stated that "*Weeks* leaves little"—not *no*—"room for fee reduction under California law."

The district court's conclusion did not mitigate the apparent contradiction: The court stated only that "[i]n light of the analysis of *Weeks,* this Court in the exercise of its discretion, finds that the lodestar of plaintiff's counsel provides a reasonable fee. . . ." The reference to the "exercise of discretion" does not clear matters up, since in the same breath the district court referred to "the analysis in *Weeks,*" an analysis which the earlier discussion appeared, at some junctures, to find precluded reduction of fees for lack of success.

(B) BET filed a motion to reconsider the fee award based on the California Court of Appeal's October 23, 1998, decision in *Meister v. Regents of the Universi-* *ty of California,* 67 Cal.App.4th 437, 78 Cal.Rptr.2d 913 (1998). The *Meister* Court affirmed a trial court's award of some $75,000 in attorneys' fees to a plaintiff who sought more than $428,000 in fees. The trial court had declined to award the plaintiff attorneys' fees incurred after he rejected a settlement offer more generous than the verdict he ultimately secured at trial, and also based its decision reducing fees on the relatively small amount of damages—$27,500—the plaintiff won at trial. Because the *Meister* Court affirmed the trial court on the first ground, it declined to analyze the latter one. *See id.* at 449 n. 11, 78 Cal.Rptr.2d 913.

The district court in this case reconsidered Beaty's fee award based on the first ground in *Meister,* concluding that it was not persuaded that the award should be decreased.[2] Although BET also argued in its Motion for Reconsideration that *Meister* supported its position regarding reduction based on results obtained in the lawsuit,[3] the district court declined to reconsider Beaty's fee award on this ground, finding that nothing in *Meister* affected its earlier decision on this question. *See* C.D. Cal. R. 7.16 (limiting grounds on which trial court may grant motion to reconsider). So the district court's order on BET's motion to reconsider sheds no further light on the question whether the district court recognized that it had discretion to reduce Beaty's

645–46, 71 Cal.Rptr.2d 632 (holding that federal law rejecting the use of multipliers in calculating fees under 42 U.S.C. § 1988 does not control fee awards under the FEHA because there is no evidence that the California legislature "intended or intends federal standards to apply to limit the trial court's exercise of discretion in calculating the amount of reasonable attorney fees under California fee-shifting statutes generally or under the FEHA provision in particular"). We therefore decline BET's invitation to look to federal law in determining the circumstances under which California would require or permit the reduction of Beaty's fee award from the lodestar amount based on the results she obtained at trial.

2. The only settlement offer the defendant made in this case was one week prior to trial, so the reduction requested on this basis was much less than the 75% defendant had earlier sought.

3. BET's Motion for Reconsideration expressly repudiated any reliance on a comparison between the amount of the fee and the damages awarded, maintaining it was "not urging a strict 'numbers comparison,' " but instead was "asking the court to consider the overall result obtained at trial." Memorandum of Points and Authorities in Support of Motion for Reconsideration of Plaintiffs' Motion for Attorneys' Fees.

fee award based on the results she obtained at trial.

## III.

■ At the time of the district court's decision in this case, California law regarding a trial court's discretion to reduce a lodestar award was not absolutely clear. After the district court's decision, but before this case was heard on appeal, the California Supreme Court issued its decision in *PLCM Group, supra,* making clear that the district court may consider the "success or failure" of the litigation as one factor in assessing the fee. 22 Cal.4th at 1095, 95 Cal.Rptr.2d 198, 997 P.2d 511. *See also Vo v. Las Virgenes Mun. Water Dist.,* 79 Cal.App.4th 440, 94 Cal.Rptr.2d 143 (2000); *San Diego Police Officers Ass'n v. San Diego Police Dept.,* 76 Cal. App.4th 19, 24, 90 Cal.Rptr.2d 6 (1999); *Meister,* 67 Cal.App.4th at 454, 78 Cal. Rptr.2d 913.[4] Granting this discretion to the trial court serves the important function of deterring the litigation of claims with little merit. *See Weeks,* 63 Cal. App.4th at 1172, 74 Cal.Rptr.2d 510. Because, as discussed above, the district court's rulings are ambiguous with regard to whether the trial judge recognized she had this discretion, we have no option but to remand this case for further proceedings, as indicated below.

■ To say that California *permits* such reduction based on results obtained in an FEHA case is not, however, to say that state law *favors* decreasing lodestar fees based on the amount of damages received as compared to that sought. Rather, under the FEHA fees are *not* "limit[ed] to a percentage of the plaintiff's recovery," and ordinarily, "the attorney who takes [an FEHA] case can anticipate receiving full compensation for every hour spent litigating a claim...." *Weeks,* 63 Cal.App.4th at 1175–76, 74 Cal.Rptr.2d 510. Only in the unusual case in which there are "special

circumstances [which] render such an award"—that is, an award of the full lodestar "for all hours reasonably spent"— "unjust" does California FEHA law permit a lodestar reduction for results obtained. *Vo,* 79 Cal.App.4th at 446, 94 Cal.Rptr.2d 143, *quoting Serrano v. Unruh,* 32 Cal.3d 621, 632–33, 186 Cal.Rptr. 754, 652 P.2d 985 (1982).

■ This high threshold for triggering decreases due to limited success reflects the values underlying the award of attorneys' fees in FEHA and other civil rights cases. Such cases vindicate important public interests whose value transcends the dollar amounts that attach to many civil rights claims. Fee awards ensure that neither financial imperatives nor market considerations raise an insurmountable barrier that prevents attorneys from litigating meritorious cases, and even a relatively small damages award "contributes significantly to the deterrence of civil rights violations in the future." *City of Riverside v. Rivera,* 477 U.S. 561, 575, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). In short, "the purpose behind the [FEHA] fee provision was to make it easier for a plaintiff of limited means to bring a meritorious suit to vindicate a policy ... considered of the greatest importance." *Cummings v. Benco Building Servs. Inc.,* 11 Cal.App.4th 1383, 1386, 15 Cal.Rptr.2d 53 (1992); *see also Serrano,* 20 Cal.3d at 44–47, 141 Cal. Rptr. 315, 569 P.2d 1303 (attorneys' fees awards for claims arising under equal protection provisions of the California Constitution); *Vo,* 79 Cal.App.4th at 445, 94 Cal. Rptr.2d 143 (FEHA).

■ Consistent with those purposes, a trial court does not under California law abuse its discretion simply by awarding fees in an amount higher, even very much higher, than the damages awarded, where successful litigation causes "conduct which the FEHA was enacted to deter [to be]

---

4. For this reason, there is no reason to certify the question to the California Supreme Court, and we therefore deny BET's Motion to do so.

exposed and corrected." *Vo,* 79 Cal. App.4th at 445, 94 Cal.Rptr.2d 143; *see also Weeks,* 63 Cal.App.4th at 1176, 74 Cal.Rptr.2d 510 (objective of FEHA's fee-shifting provision is to "ensure that the plaintiff will be fully compensated and will not have to bear the expense of litigation"). To illustrate: The jury in *Vo* found that the defendant was liable for harassment based on race, awarding the plaintiff $40,000 in compensatory damages, an amount later reduced by stipulation. The trial court then awarded the plaintiff $470,000 in attorneys' fees. Despite the fact that the fee award was more than ten times greater than the plaintiff's damages, the trial court concluded that the fee was justified because the defendant was excessively litigious and took a non-settlement posture, and because the award served the FEHA's objectives of exposing and deterring discrimination. 79 Cal.App.4th at 445, 94 Cal.Rptr.2d 143.

On appeal, the defendant argued that the trial court had necessarily erred, in light of the small damages award and lack of success on certain causes of action, in failing significantly to reduce the plaintiff's fee award from the very high lodestar amount. The Court of Appeal disagreed, rejecting any such per se rule. Instead, the court affirmed the award despite the discrepancy between the fee award and the damages verdict, relying on the fact that "the trial court clearly stated its determination as to the amount of fees awarded was based on *the entire course of the litigation* including pre-trial matters, settlement negotiations, discovery, litigation tactics, and the trial itself," and

stressing that the trial judge was "the best judge of what occurred in his courtroom." 79 Cal.App.4th at 447, 94 Cal.Rptr.2d 143 (emphasis supplied).[5]

## IV.

■ If the district court failed to realize it had the discretion to reduce Beaty's fee award from the lodestar in the event it concluded that such a reduction was merited after considering the "entire course of the litigation," then it erred. If, however, the trial court realized that it had such discretion, and chose not to exercise it, there has been no error. Indeed, as noted, BET conceded at oral argument that the fee award *could* be justified on the record in light of the amount of the damages award, and complained only that it had not been.[6]

Because we are unsure whether the district court knew it had discretion to reduce Beaty's fee award from the lodestar after considering the amount of her damages award, we cannot decide on this appeal whether that discretion was properly exercised. Therefore, we must remand this case to the district court for clarification. The district court should either inform the parties that it did in fact exercise its discretion and decided not to reduce fees in light of the degree of success earlier, or it should exercise its discretion now.

■ At the same time, because both parties agree that the fee would be valid if the district court did exercise its discretion in that regard, there can be no further appeal on the amount question if the district court either confirms that it did previ-

5. The *Vo* court was precluded by the absence of the trial court record from any more detailed inquiry. 79 Cal.App.4th at 447–48, 94 Cal.Rptr.2d 143. That case-specific circumstance does not, however, detract from the fact that *Vo* 's statements of the governing *legal* principles where lack-of-success is the claimed basis for decreasing lodestar fees are conclusive in this diversity case. *See Nelson v. City of Irvine,* 143 F.3d 1196, 1206–07 (9th Cir.), *cert. denied,* 525 U.S. 981, 119 S.Ct. 444, 142 L.Ed.2d 399 (1998).

6. The fact that the jury awarded Beaty no punitive damages is not, standing alone, determinative of lack-of-success affecting her attorneys' fees award. *See Weeks,* 63 Cal. App.4th at 1176, 74 Cal.Rptr.2d 510 (explaining that punitive damages are "windfall" to the plaintiff that should not affect the trial court's analysis of the plaintiff's "results obtained" for the purpose of calculating attorneys' fees).

ously exercise its discretion taking into account the amount of the damages award or so exercises its discretion after remand. *See Amberhill Properties v. City of Berkeley,* 814 F.2d 1340, 1341 (9th Cir.1987) (concession at oral argument is binding in further proceedings). If, on the other hand, the district court reduces the award after exercising its discretion on remand, a further appeal will lie.

REMANDED for proceedings consistent with this opinion.