**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUNG VIET VU, | No. 09-15229 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00495-MCE-GGH |
| v. | |
| RICHARD KIRKLAND; et al., | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted December 10, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS, and N.R. SMITH, Circuit Judges.

Petitioner Hung Viet Vu appeals the dismissal of his amended habeas corpus

petition on grounds of untimeliness. We vacate the dismissal and remand for

further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

## I. Background

Vu was convicted in California Superior Court of first degree murder and assault with a firearm. He was sentenced to life without the possibility of parole. On direct appeal his conviction and sentence were affirmed, with the exception of the imposition of a fine and certain clerical errors. On March 15, 2006, the California Supreme Court denied his petition for review. Vu's conviction became final on June 13, 2006. He filed a state habeas petition on February 7, 2007, which was denied on May 10, 2007.

Vu filed a pro se federal habeas petition on March 14, 2007, which referred to "[a]ttachments setting forth all factual and legal grounds on which relief is sought." The attachment, however, was missing, and the petition itself did not allude to the claims it sought to raise or the factual grounds on which they were based. The magistrate judge later found that Vu had "meant to attach his state appellate briefing to the original petition." Respondent Richard Kirkland has not objected to this finding and the district court did not disagree with it.

On April 24, 2007, a magistrate judge appointed counsel to represent Vu in federal court. Beginning on May 9, 2007, Vu's lawyer requested five extensions of time to file an amended petition, each of which was granted, but each of which she did not meet. Finally, on April 11, 2008, more than a year after the original

2

petition's filing, Vu's lawyer filed an amended petition, whose claims closely tracked those raised in Vu's petition for review to the California Supreme Court.

Respondent Kirkland filed a motion to dismiss on grounds of untimeliness, which the district court granted, concluding that the amended petition did not relate back to the original petition because the original petition failed to state any claim at all. The district court thereafter issued a certificate of appealability on whether Vu's "amended petition was not timely filed and cannot relate back to the original petition which failed to state any claim for relief."

**II. Discussion**

Vu advances several arguments for why his amended petition was timely. Only one of these merits discussion: Vu argues that because the magistrate judge failed to follow the clear intent of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the district court should have accepted Vu's amended petition as timely. In his brief, Kirkland argues only that

3

Vu has waived any argument based on equitable tolling.[1]  Because Kirkland fails to

argue that Vu has waived any other argument, we consider Vu's Habeas Rules

argument on its merits, for the doctrine of waiver applies to arguments of waiver

too.  *See, e.g.*, *Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004); *United States

v. Lewis*, 787 F.2d 1318, 1323 n.6 (9th Cir. 1986), *amended*, 798 F.2d 1250 (9th

Cir. 1986).

Habeas Rule 2(c) provides that a habeas petition must "specify all the

grounds for relief available to the petitioner" and "state the facts supporting each

ground."  Habeas Rule 2(c)(1)-(2).  Under this Rule, Vu's original petition was

grossly defective.  It utterly failed to identify his legal claims and the factual

grounds on which they rested.

Since 2004, the Habeas Rules have specifically provided for a situation like

Vu's.  When a petition is filed,

> [t]he clerk must promptly forward the petition to a judge under the
> court's assignment procedure, and the judge must promptly examine
> it.  If it plainly appears from the petition and any attached exhibits that
> the petitioner is not entitled to relief in the district court, the judge
> must dismiss the petition and direct the clerk to notify the petitioner.

[1]  The passage cited by the dissent refers to only one "instant argument."
(*See* Dissent at 1 n.1.)  This is an equitable tolling argument, as is indicated by both
the passage's allusion to "detrimental[] reli[ance]" and its placement in Kirkland's
brief — under the heading "Vu Is Not Entitled to Equitable Tolling," and separate
from the brief's discussion of the Habeas Rules.  (*Id.*; Red Br. at 11, 23-25.)

Habeas Rule 4 (2004). Where a petition does not meet the requirements of Rule 2(c), however, the district court must not simply dismiss a defective petition with prejudice, for under AEDPA's one-year statute of limitations "the court's dismissal of a petition . . . may pose a significant penalty for a petitioner." Habeas Rule 2 advisory committee notes. Rather, the district court is to "accept a defective petition," but "require the petitioner to submit a corrected petition that conforms to Rule 2(c)." *Id.*

The advisory committee notes to Habeas Rule 2, when read together with Rule 4's requirement that a judge "promptly examine" the petition, show that filers must be promptly notified of obvious deficiencies in their petitions so that they can timely correct them. Under the Rules, the magistrate judge that examined Vu's petition should have promptly notified him that the petition was missing an attachment and therefore did not comply with Rule 2(c). If Vu had been notified, he could have easily filed a corrected petition, complete with the missing attachment, before the limitations period expired on September 14, 2007.

We have held that where an error by a district court contributes to a petition's untimely filing, the district court has the equitable power to right its own wrong by accepting the untimely petition *nunc pro tunc* to a timely date. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Exercising that power is

5

discretionary with the district court, and we express no opinion on whether the district court's ultimate decision to dismiss the amended petition as untimely was wrong.

The record suggests, however, that the district court did not realize it possessed the equitable discretion to correct the magistrate judge's earlier error by accepting the amended petition *nunc pro tunc* to a timely date. The district court never alluded to any discretionary power and treated its dismissal as required by the statute of limitations and the Habeas Rules, stating that it "c[ould] reach only one conclusion." Even where the record on appeal is "*ambiguous* with regard to whether the district court realized it had discretion," our practice is to remand the case for the district court to exercise its informed discretion in the first instance. *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 610 (9th Cir. 2000) (emphasis added). Remand is all the more warranted here, where the record so strongly indicates that the district court failed to realize it had discretion. We therefore vacate the district court's dismissal of the petition and remand for further proceedings.

On remand, the district court should examine the totality of all relevant factors in deciding how to exercise its discretion. Among the factors that favor accepting Vu's amended petition *nunc pro tunc* are the harsh result of dismissal, *cf. Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980); the magistrate judge's

clear failure to follow the Habeas Rules; Vu's initial status as a pro se petitioner; and the public policy preferring dispositions of cases on their merits, *see Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). Among the factors that disfavor acceptance are the repeated negligent failure of Vu's counsel to meet deadlines and the "principles of comity, finality, and federalism that AEDPA was intended to promote." *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007) (quotation marks and citation omitted). We do not presume to exhaustively list all relevant factors, and leave it to the district court to weigh all relevant factors in the first instance.

**VACATED AND REMANDED.**

*Vu v. Kirkland*, No. 09-15229

Judge N. Randy Smith, dissenting:

Vu raised four issues on appeal. He argues that: (1) his original petition sufficiently stated claims for relief and the amended petition could relate back to it; (2) the district court erred by not expanding the record *sua sponte*; (3) the district court acted in an intrinsically contradictory way by both summarily dismissing Vu's original petition and granting a certificate of appealability; and (4) because the magistrate judge failed to follow the intent of the Habeas Rules, the district court should have accepted Vu's amended petition as timely As the majority outlines, the first three arguments lack merit and warrant no discussion here. In my view, the fourth argument also lacks merit. I therefore dissent.

This Court has stated that, "argument[s] . . . raised for the first time on appeal [are] waived." *Man-Seok Choe v. Torres*, 525 F.3d 733, 741 n.9 (9th Cir. 2008); *see also Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) ("Generally, an appellate court will not hear an issue raised for the first time on appeal."). Consistent with this precedent, Vu waived the fourth issue by not arguing it to the district court level.[1]

---

[1]Contrary to the majority's assertion, Kirkland did not waive his waiver argument. I disagree with the majority's characterization of the arguments in the briefs on this point. As I read the briefs, Vu argues, among other things, that

In response to the government's motion to dismiss for failing to plead within the applicable statute of limitations, Vu only argued that his original complaint was sufficient for "relation back" purposes. Vu never argued that the district court should have accepted his original complaint as timely, due to the magistrate's failure to identify deficiencies in the petition. Accordingly, the district court only addressed the issue argued to it.

This Court, however, has recognized three exceptions to the general waiver rule: "(1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). Vu's argument does not fit any of these three exceptions.

---

because the magistrate judge did not appropriately follow the Habeas Rules, it was inequitable for the district court to find the petition untimely. Kirkland addressed this "Habeas Rules" argument in two respects. First, Kirkland argues that there is no reason the amended complaint may relate back to the original complaint, including through application of the 2004 amended Habeas Rules. Red Br. 23–25. Second, Kirkland contends that any argument that the Habeas Rules create equitable relief was waived before the district court. *See* Red. Br. 11–13. Therefore, I cannot conclude that Kirkland waived his waiver argument. Further, I questioned Petitioner's counsel about this very point at the hearing. Petitioner's counsel did not make the majority's waiver of the waiver argument then and has never made it.

As to the first exception, there are no "exceptional circumstances" justifying review of the issue only on appeal; nor has Vu argued any. As to the second exception, no new issue has arisen while this appeal was pending; again, Vu has not argued any. Under the third exception, this issue is not purely legal. Whether Vu detrimentally relied on the magistrate judge's order necessarily requires some factual determinations. Moreover, Respondent is prejudiced by the Court's considering this issue on appeal; Respondent has not had a chance to develop the factual record on this issue or brief it at the district court level.

Protecting Vu's failure to make the argument to the district court and bypassing important adversarial procedures, the majority now adopts a new exception to the waiver rule, which grants the district court the discretionary equitable power to *sua sponte* right alleged wrongs of a magistrate judge. Even if the district court has such a discretionary power, *see Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000), there is no precedent for the proposition that the Court can *sua sponte* exercise this power. This record does not evidence an exception to the general rule, that a court ought not make the parties' arguments on their behalf. *See In re Perez*, 30 F.3d 1209, 1213 (9th Cir. 1994) ("In normal adversarial litigation, neither the trial judge nor opposing counsel have the responsibility to raise issues a party fails to raise."). If Vu now regrets not making all his arguments

before the district court, he is free to seek other available legal redress. He is not free to make his arguments for the first time on appeal before this Court.

The majority asserts "the record suggests that the district court did not realize it possessed the equitable discretion to correct the magistrate judge's [error]." There is nothing in this record suggesting such a lack of understanding on the district court's behalf. Before the district court, Vu failed to raise the argument that the magistrate judge erred and that the district court should fix that error. Rather, Vu focused solely on arguing that his original complaint was sufficient for "relation back" purposes. Therefore, the district court, consistent with our general practice, adjudicated only the issues properly presented to it.

Because I do not believe the district court erred in adjudicating only the issues before it, I would affirm the district court on all grounds. Accordingly, I dissent from the majority's memorandum.