[No. B156010. Second Dist., Div. Three. Jan. 16, 2003.]

KEVIN OTTO, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

---

**COUNSEL**

Lackie & Dammeier, Dieter C. Dammeier and Michael A. Morguess for Plaintiff and Appellant.

Jones, Day, Reavis & Pogue, Elwood Lui, Allison Michael and Elizabeth Rees for Defendants and Respondents.

---

**OPINION**

**CROSKEY, J.**—Petitioner Kevin Otto (Otto) appeals from a postjudgment order denying his Code of Civil Procedure section 1021.5 motion for attorney's fees.[1] Otto is a public safety officer employed by the Los Angeles Unified School District (the District). This is the second time we have considered his case.

By published opinion, we reversed a judgment entered against Otto on his Code of Civil Procedure section 1085 petition for a writ. By such petition, Otto sought to have the trial court direct the District to afford him an administrative appeal on what he argued was punitive action taken by the District against him. The alleged punitive action was a written memorandum (denominated a "summary of conference," and placed in Otto's personnel file), which documents a meeting between himself and his supervisor. In *Otto v. Los Angeles Unified School Dist.* (2001) 89 Cal.App.4th 985

---

[1]Code of Civil Procedure section 1021.5 (section 1021.5) permits a trial court to award attorney's fees to a successful litigant whose action "has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (§ 1021.5.) This provision is a codification of the private attorney general doctrine of awarding attorney's fees. (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917 [154 Cal.Rptr. 503, 593 P.2d 200] (*Woodland Hills*).) The source of the "important right affecting the public interest," mentioned in section 1021.5, may be "constitutional, statutory or other." (*Woodland Hills*, at p. 925, italics omitted.)

[107 Cal.Rptr.2d 664] (*Otto*), we held that it is the *contents* of a written memorandum about a public safety officer, and not the title of such writing or the lack of a disciplinary intent associated with the writing, that determines whether the writing constitutes punitive action against such an officer, and thus determines which, if any, provisions of the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq., the Act) are implicated by the memorandum.

Upon our reversal of the judgment against Otto and remand of the case, the trial court signed and filed a judgment granting Otto's petition for writ of mandate.[2] Thereafter, Otto filed his motion for section 1021.5 attorney's fees, which the District and its co-respondent opposed.[3] (Wesley Mitchell, who was the chief of police of the District's school police department, is the co-respondent in this case.)

In considering the section 1021.5 motion, the trial court ruled that even assuming arguendo that Otto could satisfy the first two elements of section 1021.5 (enforcement of an important right affecting the public interest, and the conferring, by the suit, of a significant pecuniary or nonpecuniary benefit on the general public or a large class of persons), Otto failed to present evidence that his suit placed a burden on him that was out of proportion to his own stake in the outcome of the case.

We do not agree with the trial court's analysis We find that Otto's motion is supported by case law and therefore should have been granted. We will reverse the order that denied his motion, and remand the case for the trial court's consideration of the amount of fees to be awarded.

DISCUSSION

1. *Standard of Review*

■ When a request for attorney's fees has been made, the trial court exercises " 'its traditional equitable discretion' " by " 'realistically assess-[ing] the litigation and determin[ing], from a practical perspective' " whether

---

[2]According to the appellate record, Otto received his administrative appeal and the District's assistant chief of police agreed to remove the subject summary of conference from Otto's personnel file.

[3]By his moving papers, Otto sought $30,375 in attorney's fees for both trial and appellate court litigation. He included an 11-page invoice from his attorneys. The invoice states it was submitted to the Los Angeles Schools Police Association (the association). At oral argument on the section 1021.5 motion, Otto's attorney indicated that the association, not Otto, incurred and paid the attorney's fees for Otto's legal representation in this case. According to the association's president, Paul Quezada, who submitted a declaration in support of Otto's motion for attorney's fees, the association represents more than 200 of the District's police officers and is their recognized bargaining unit.

statutory criteria have been met. On review of the trial court's decision, the appellate court looks to see if there has been a prejudicial abuse of discretion. (*Baggett v. Gates* (1982) 32 Cal.3d 128, 142-143 [185 Cal.Rptr. 232, 649 P.2d 874] [addressing a denial of § 1021.5 attorney's fees in a suit brought by four police officers who claimed they were wrongfully denied an administrative appeal].)

### 2. The "Financial Burden" Factor of Section 1021.5

■ Section 1021.5 authorizes attorney's fee awards when, among other factors enumerated in that statute, "the necessity and financial burden of private enforcement . . . are such as to make the award appropriate." Regarding such financial burden, the *Woodland Hills* court quoted the following passage from *County of Inyo v. City of Los Angeles* (1978) 78 Cal.App.3d 82, 89 [144 Cal.Rptr. 71]. " 'An award on the "private attorney general" theory is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff "out of proportion to his individual stake in the matter." [Citation.]' " (*Woodland Hills, supra*, 23 Cal.3d at p. 941.)

■ In its opposition to Otto's section 1021.5 motion, the District argued, among other things, that the cost of prevailing in this suit did not transcend the personal stake that Otto had in bringing it. The District asserted Otto and his copetitioner[4] had a far greater stake in the suit than anyone else because it was their own personnel files that are the subject of the suit and their own personal benefit that motivated the suit. The same analysis is offered by the District on appeal.

As noted above, the trial court focused its attention on this "financial burden" element of section 1021.5 and ruled that Otto had not presented evidence to convince the court that his pursuit of this action placed a burden on him out of proportion to what was personally at stake for him. The court observed that even though Otto was not pursuing economic relief, he was nevertheless pursuing an administrative appeal of the summary of conference that had been placed in his personnel file and that could be used as a basis for a future disciplinary action, and it is the value of his personal interest in avoiding such future use that he was asking the court to weigh against the cost of the attorney's fees. The court said that on the basis of the evidence presented to the court, the court had no information "as to the

[4]In *Otto*, we examined the summary of conference placed in the file of Otto's copetitioner, Alex Barrios, and determined that Barrios was not entitled to an administrative hearing on such memorandum.

likelihood, based on past experience, that . . . Otto will benefit from having the criticism removed from his personnel file."

The trial court's and the District's positions are not in line with the Supreme Court's decision in *Baggett v. Gates, supra,* 32 Cal.3d 128, 143 (*Baggett*). In *Baggett,* four police officers employed by the Los Angeles Police Department sued for a writ of mandate and declaratory and injunctive relief when they were reassigned to lower paying positions without being afforded an administrative appeal. The Supreme Court found they were entitled to an administrative appeal under the Act. The court also determined the plaintiffs were entitled to section 1021.5 attorney's fees. In addressing the question whether the cost of the officers' legal victory transcended their personal interest, the court found it did, stating: "By their action, plaintiffs have secured the enforcement of basic procedural rights, including the right to an administrative appeal of disciplinary actions. However, enforcement of these procedural rights may well not result in any pecuniary benefit to plaintiffs themselves. [Citation.] For example, plaintiffs' newly won right to an administrative appeal of the Department's decision to reassign them to lower paying positions will not necessarily result in the reversal of that decision. Plaintiffs' reassignment and consequent reduction in salary may be approved." (*Baggett,* at p. 143.) In other words, it was possible that even though the plaintiffs incurred attorney's fees, in the end they might never secure any financial benefit for themselves since there was no guarantee that their reassignment to lower paying positions would be overturned. The same is true in the instant case, only more so. Attorney's fees were incurred for trial court and appellate court proceedings, with no guarantee that securing an administrative appeal of the summary of conference would lead to its removal from Otto's file. The fees were incurred for the purpose of securing the administrative appeal so that Otto could have an opportunity to contest it. Moreover, whereas success at the administrative appeal level in *Baggett* would mean a reversal of the reassignment of those plaintiffs to lower paying jobs, which would constitute an immediate economic benefit to them, Otto's success at the appellate level would have no such immediate economic benefit because there might never have been any negative economic impact on him from having the summary of conference remain in his personnel file.

While it is true that Otto has not personally borne the burden of paying his attorneys, that fact will not warrant denying him section 1021.5 fees. Section 1021.5 does not specifically require a plaintiff to bear his own fees. It simply speaks of the "financial burden of private enforcement." (*Ibid.*) For example, in *Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 316 [193 Cal.Rptr. 900, 667 P.2d 704] (*Press*), the plaintiffs were represented by a nonprofit

corporation that provided legal services without charge when the issues involved are of a broad public interest. Despite the fact that the plaintiffs did not bear their own fees, the court analyzed the elements of section 1021.5 as they pertained to that case and determined that the litigation satisfied all the applicable elements of section 1021.5 and therefore the trial court did not abuse its discretion when it awarded attorney's fees. (*Press,* at pp. 317-321; accord, *Mounger v. Gates* (1987) 193 Cal.App.3d 1248, 1260 [239 Cal.Rptr. 18].)

### 3. *The Other Elements of Section 1021.5*

The other elements of section 1021.5 are (1) the party moving for attorney's fees is the successful litigant, (2) the suit "has resulted in the *enforcement* of an important right affecting the public interest," (3) a significant pecuniary or nonpecuniary benefit "has been conferred on the general public or a large class of persons," and (4) if there is a recovery, in the interest of justice it should not be used to pay the attorney's fees. (§ 1021.5, italics added.) The first element is clearly met here, and the fourth element is not applicable since Otto received no recovery. The trial court did not specifically address the second and third elements, preferring to concentrate on the issue of personal benefit versus financial burden. We will address them now.

The rights and protections that the Act affords to public safety officers have expressly been made a matter of statewide concern by the Legislature, which found that stable relations between officers and their employers is a necessary element of effective law enforcement. (*Baggett, supra,* 32 Cal.3d at p. 136.) The Act "sets forth a list of basic rights and protections which must be afforded all peace officers (see § 3301) by the public entities which employ them. It is a catalogue of the minimum rights (§ 3310) the Legislature deems necessary to secure stable employer-employee relations (§ 3301)." (*Id.* at p. 135.) In *Baggett,* the court stated that by successfully pursuing the right to an administrative appeal "for themselves and many others," which the court described as a basic right and protection of the Act, the petitioners in that case (1) conferred a significant benefit on the general public by furthering enforcement of the Act, which in turn furthered stable relations between peace officers and their employers, which in turn furthered effective law enforcement, and (2) vindicated rights "sufficiently 'important' to justify an attorney fee award. [Citation.]" (*Id.* at p. 143.) The whole of the *Baggett* court's analysis, although it is ignored by the District, is applicable here. Otto secured a decision from this court that peace officers are entitled to administrative appeals when writings are placed in their personnel files and the contents of such writings show that the writings fall within the scope of "punitive action" as that term is defined in the Act. Otto vindicated rights found in the Act, thereby furthering the public's interest in effective law

enforcement. "The fact that litigation enforces existing rights does not mean that a substantial benefit to the public cannot result. Attorney fees have consistently been awarded for the enforcement of well-defined, existing obligations. [Citations.]" (*Press, supra,* 34 Cal.3d at p. 318.)

### 4. *Determination of the Amount of Attorney's Fees*

Having determined that Otto is entitled to section 1021.5 attorney's fees, all that remains for this court to do is remand this case to the trial court so that it may exercise its sound discretion in setting an amount of fees. Otto has requested attorney's fees for his efforts in pursuing section 1021.5 fees at the trial court and appellate level. The request is proper. (*Los Angeles Police Protective League v. City of Los Angeles* (1986) 188 Cal.App.3d 1, 17 [232 Cal.Rptr. 697].)

### DISPOSITION

The order denying Otto's motion for section 1021.5 attorney's fees is reversed and the cause is remanded for further proceedings consistent with the views expressed herein. Costs on appeal to Otto.

Klein, P. J., and Kitching, J., concurred.

On February 14, 2003, the opinion was modified to read as printed above.