61 Cal.Rptr.3d 295 (2007)
152 Cal.App.4th 414
RIVERSIDE SHERIFF'S ASSOCIATION, Plaintiff and Respondent,
v.
COUNTY OF RIVERSIDE et al., Defendants and Appellants.
No. E040921.
Court of Appeal of California, Fourth District, Division Two.
June 21, 2007.
*297 Ferguson, Praet & Sherman and Bruce D. Praet, Santa Ana, for Defendants and Appellants.
Law Offices of Dennis J. Hayes, Dennis J. Hayes and Alison M. Miceli, San Diego, for Plaintiff and Respondent.

*296 OPINION
RICHLI, J.
In an action brought under the Public Safety Officers Procedural Bill of Rights Act (POBRA) (Gov.Code, § 3300 et seq.), the trial court awarded attorney's fees to the Riverside Sheriffs Association (RSA) under Code of Civil Procedure section *298 1021.5.[1] Raising an issue of first impression, the County of Riverside argues on appeal that the right to attorney's fees is provided exclusively by Government Code section 3309.5, subdivision (e), and the RSA was not entitled to a fee award under either statute. The County also challenges the amount of fees awarded.
We hold Government Code section 3309.5 is not the exclusive ground for recovery of attorney's fees in a POBRA case. The trial court did not abuse its discretion in awarding attorney's fees under section 1021.5. We affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND
This appeal has its genesis in a petition for writ of mandate filed by the RSA, alleging that several deputy sheriffs, working at the Indio jail, were denied access to RSA employee representatives during a criminal investigation of sexual improprieties with female inmates.
According to the writ petition filed on July 8, 2004, during the County's investigation occurring in May and June 2004, several deputy sheriffs, members of the RSA, were denied representation as required by Government Code section 3303. On June 8, 2004, RSA's lawyer sent a letter to the County demanding compliance with POBRA. The County responded on June 14, 2004, that it did not need to comply with POBRA because it was a criminal investigation and not a personnel matter. Contrary to the County's assertion in oral argument, the writ petition did not allege the County had admitted its violation but acquiesced in providing representation. Rather, RSA alleged the County "sent correspondence admitting its failure to provide representation."
Consequently, the RSA filed the writ petition, seeking various kinds of relief, including a finding that the County violated POBRA by denying the deputy sheriffs their right of representation under Government code section 3303, subdivision (i). The same allegations were made and relief sought in the amended petition filed August 13, 2004.
In opposing the writ, the County argued there was no POBRA violation because POBRA "does not apply to a strictly criminal investigation, but only to administrative investigations," citing Government Code section 3303, subdivision (i). It further argued that the case relied upon by RSA, California Correctional Peace Officers Assn. v. State of California (2000) 82 Cal.App.4th 294, 98 Cal.Rptr.2d 302, was entirely distinguishable because it concerned "an administrative investigation conducted under the guise of a criminal investigation." The County relied on another case, Alhambra Police Officers Assn. v. City of Alhambra Police Dept. (2003) 113 Cal.App.4th 1413, 7 Cal.Rptr.3d 432.
Ultimately, the superior court found the County's "denial of requests for representation constitutes a denial of a specific right guaranteed under Gov.Code 3303(i). The court further finds that [the County's] denial of the right to representation was not based on malice, but instead, was done in good-faith but was based on an erroneous Department policy." That ruling has not been appealed. The superior court granted an injunction prohibiting the County from violating POBRA.
RSA then filed a motion for attorney's fees in the amount of $73,947 pursuant to *299 section 1021.5. The County opposed the motion, which the court granted subject to a motion to tax costs. RSA opposed the County's motion to tax costs. The court awarded actual fees and costs of $57,951.51 to RSA under Baggett v. Gates (1982) 32 Cal.3d 128, 185 Cal.Rptr. 232, 649 P.2d 874 (Baggett) and Woodland Hills Residents Assn., Inc. v. City Council (1979) 23 Cal.3d 917, 154 Cal.Rptr. 503, 593 P.2d 200, finding that this, case was "a matter of fairly significant concern to all present and future employees of the Sheriffs' Department. [¶] And if it results in a published opinion ... that will be a matter of significant public interest as Baggett turned out to be." The court commented further, "what we are talking about here is, in fact, a significant interest going to violations of the law. And while it may not be malicious, it's still a significant violation that will be important in the future" and "because it was done for the Sheriffs' Association, and their union consists of probably of 2000 people potentially benefited, which is a significant group of people. [¶] If the Court chooses to take this up because of an appeal and published opinion results, then it will become a matter of general public interest statewide, which is exactly how Baggett became significant statewide."

II

ANALYSIS

A. RSA's Right to Recover Attorney's Fees
The County's primary argument is that Government Code section 3309.5, subdivision (e), provides the sole authority for obtaining attorney's fees in a POBRA action. The relevant language provides: "... upon a finding by a superior court that a public safety department, its employees, agents, or assigns, with respect to acts taken within the scope of employment, maliciously violated any provision of this chapter with the intent to injure the public safety officer, the public safety department shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) to be awarded to the public safety officer whose right or protection was denied and for reasonable attorney's fees as may be determined by the court."
Senate Bill No. 1516 (2002) amended Government Code section 3309.5 and added the text of subdivision (e), effective in 2003. The case of Lozada v. City and County of San Francisco (2006) 145 Cal. App.4th 1139, 52 Cal.Rptr.3d 209 comments "the legislative history indicates the amendment was a response to an unpublished case in which the court held that the public safety officer was not entitled to damages despite conduct which could be characterized as malicious by the public entity employer. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1516 (2001-2002 Reg. Sess.) as amended Apr. 29, 2002, pp. 10-12; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1516 (2001-2002 Reg. Sess.) as amended Apr. 18, 2002, pp. 3-6.)" (Lozada v. City and County of San Francisco, supra, at p. 1161, 52 Cal. Rptr.3d 209.)
Although the County maintains that the Legislature considered section 1021.5 when it amended Government Code section 3309.5, the County does not identify any legislative history demonstrating an intent to make section 1021.5 the sole basis for attorney's fees. The County cites no specific statutory or legal authority to support its contention that a public safety officer can obtain attorney's fees only for a malicious violation of the POBRA but not under section 1021.5.
Instead, based on ordinary principles of statutory interpretation, the County reasons that, because Government Code *300 section 3309.5, subdivision (e), is more specific and more recent than section 1021.5, the former replaced the latter. (Code Civ. Proc, § 1859; San Francisco Taxpayers Assn. v. Board of Supervisors (1992) 2 Cal.4th 571, 577, 7 Cal.Rptr.2d 245, 828 P.2d 147; Los Angeles Police Protective League v. City of Los Angeles (1994) 27 Cal.App.4th 168, 178-179, 32 Cal.Rptr.2d 574.) The County, however, does not acknowledge that this general rule applies "when two acts governing the same subject matter cannot be reconciled." (Id. at p. 178, 32 Cal.Rptr.2d 574.) But section 1021.5 and Government Code section 3309.5, subdivision (e) are not irreconcilable.
Based on our independent review, we do not regard the two statutes as mutually exclusive or Government Code section 3309.5, subdivision (e), as supplanting section 1021.5. (Mart v. Severson (2002) 95 Cal.App.4th 521, 530,115 Cal.Rptr.2d 717.) As set forth above, Government Code section 3309.5, subdivision (e), permits an award of attorney's fees where there has been a malicious violation of POBRA. Section 1021.5 permits an award of attorney's fees when a party has secured "an important right affecting the public interest." The two different statutes afford different grounds for an award of fees but neither necessarily excludes the other.
The County's interpretation of the statutes would limit attorney's fees awards only to cases in which there has been a finding of a malicious violation of POBRA. But, rather than circumscribing the right to attorney's fees, Government Code section 3309.5, subdivision (e), extends the right to attorney's fees to a party who otherwise might not qualify for fees under section 1021.5: "[T]he amendment to [Government Code] section 3309.5 was intended to expand, in a limited way, the remedies available to public safety officers suffering violations of their POBRA rights. Clearly, the Legislature intended to expressly authorize a civil penalty and actual damages, as well as attorney's fees for malicious violations of the statute." (Lozada v. City and County of San Francisco, supra, 145 Cal.App.4th at p. 1161, 52 Cal.Rptr.3d 209.) We find no support for the County's argument that the Legislature intended to limit attorney's fees awards in POBRA cases to malicious violations only.
Our conclusion is consistent with a line of cases, beginning with Baggett, supra, 32 Cal.3d 128, 185 Cal.Rptr. 232, 649 P.2d 874, which allow recovery of fees under section 1021.5 for POBRA actions. (Henneberque v. City of Culver City (1985) 172 Cal.App.3d 837, 846-847, 218 Cal.Rptr. 704; Mounger v. Gates (1987) 193 Cal. App.3d 1248, 1259, 239 Cal.Rptr. 18; Aguilar v. Johnson (1988) 202 Cal.App.3d 241, 253, 247 Cal.Rptr. 909; Otto v. Los Angeles Unified School Dist. (2003) 106 Cal. App.4th 328, 331-335, 130 Cal.Rptr.2d 512.) Although these cases predate the 2003 amendment of Government Code section 3309.5, that does not mean section 1021.5 cannot operate under the proper circumstances.
Because no authority supports the County's position, we affirm the trial court's ruling, granting RSA's motion for fees under section 1021.5 and holding that Government Code section 3309.5, subdivision (e), was not the exclusive basis for an award of fees.

B. Attorney's Fees Under Section 1021.5
The County asserts that, even if the RSA could obtain attorney's fees under section 1021.5, it is not entitled to them because the RSA did not achieve a unique or expanded interpretation of an existing right and because the benefit of the litigation to the RSA was more private than *301 public. The County also protests the amount of fees awarded was too high. We review the award of fees and the amount of fees for an abuse of discretion. (Bagged, supra, 32 Cal.3d at pp. 142-143, 185 Cal.Rptr. 232, 649 P.2d 874; Caloca v. County of San Diego (2002) 102 Cal. App.4th 433, 447, 126 Cal.Rptr.2d 3 (Caloca).)

1. Award of Fees
Fees are permitted under section 1021.5 and the private attorney general doctrine "in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (§ 1021.5.) The trial court ruled that all conditions were satisfied in the present action. We hold there was no abuse of discretion.
Addressing the first condition, the County maintains RSA cannot qualify for fees under section 1021.5 because RSA did not secure "an important right affecting the public interest." The County asserts the only benefit achieved was for the RSA and its members, including the deputy sheriffs who were targeted in the investigation. (Caloca, supra, 102 Cal.App.4th at p. 447, 126 Cal.Rptr.2d 3.) Furthermore, the right to representation was one already established by California Correctional Peace Officers Assn. v. State of California, supra, 82 Cal.App.4th 294, 98 Cal.Rptr.2d 302. (§ 3303, subd. (i).)
As to the significant public benefit, it has been repeatedly, and recently, established that: "`The rights and protections afforded by [POBRA] benefit not only public safety officers but the public in general. By promoting stable employer-employee relations, [POBRA] fosters a solid and secure public safety work force. [Citation.] It also encourages peace officer cooperation in investigations of possible wrongdoing. [Citation.] Alleged violations of [POBRA] therefore implicate duties "which inure[ ] to the benefit of the public at large" [citation], transcending the employer-employee relationship....' [Citation.]" (Lozada v. City and County of San Francisco, supra, 145 Cal.App.4th at p. 1150, 52 Cal.Rptr.3d 209, citing Mounger v. Gates, supra, 193 Cal.App.3d at p. 1254, 239 Cal.Rptr. 18 and Shoemaker v. Myers (1992) 2 Cal.App.4th 1407, 1421, 4 Cal.Rptr.2d 203; Otto v. Los Angeles Unified School Dist, supra, 106 Cal.App.4th at pp. 334-335, 130 Cal.Rptr.2d 512.)
These principles hold true even where a party enforces an existing right. In the present case, the record demonstrates the County was not following the law regarding employee representation as stated in Government Code section 3303, subdivision (i) and confirmed in California Correctional Peace Officers Assn. v. State of California, supra, 82 Cal.App.4th 294, 98 Cal.Rptr.2d 302. The RSA had to file suit to enforce compliance, which justified an attorney's fee award: "`The fact that litigation enforces existing rights does not mean that a substantial benefit to the public cannot result. Attorney fees have consistently been awarded for the enforcement of well-defined, existing obligations. [Citations.]'" (Otto v. Los Angeles Unified School Dist, supra, 106 Cal.App.4th at p. 335, 130 Cal.Rptr.2d 512, citing Press v. Lucky Stores, Inc. (1983) 34 Cal.3d 311, 318, 193 Cal.Rptr. 900, 667 P.2d 704.)
As to the other conditions of section 1021.5, the record demonstrates both *302 the necessity of enforcement because RSA members were being denied representation and that the RSA undertook the burden of enforcement, making an attorney's fees award appropriate. Because the RSA did not seek a financial recovery, the only other recovery available was an attorney's fees award. The trial court's ruling on these points was not an abuse of discretion.
In Baggett, supra, 32 Cal.3d 128, 185 Cal.Rptr. 232, 649 P.2d 874, when discussing the weighing of the benefit achieved against the financial burden, the Supreme Court commented: "[T]he record before this court indicates that the financial burden this suit placed on plaintiffs was out of proportion to their personal stake in the case. By their action, plaintiffs have secured the enforcement of basic procedural rights, ... However, enforcement of these procedural rights may well not result in any pecuniary benefit to plaintiffs themselves. [Citation.] [¶] This court is satisfied that plaintiffs' action meets the requirements of section 1021.5 of the Code of Civil Procedure." (Baggett, supra, at p. 143,185 Cal.Rptr. 232, 649 P.2d 874.)
In his dissent in Baggett, supra, 32 Cal.3d at p. 144, 185 Cal.Rptr. 232, 649 P.2d 874, Justice Kaus agreed "`"An award on the `private attorney general' theory is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff `out of proportion to his individual stake in the matter.'"'" But, in Baggett, supra, at pp. 145-146, 185 Cal. Rptr. 232, 649 P.2d 874, Kaus identified a financial benefit to the plaintiffs that arguably justified the financial burden, especially given that the litigation was being financed by their employee association.
In the present case, however, there were no individual plaintiffs and no individual or group financial benefit sought or obtained. The RSA undertook the litigation solely to guarantee the right of representation for its members.
In the POBRA cases following Baggett, the courts have awarded attorney's fees to an individual police officer for enforcing his individual right to back pay (Henneberque v. City of Culver City, supra, 172 Cal.App.3d at pp. 846-847, 218 Cal.Rptr. 704); to a police officer and his union for violating his procedural rights during an interrogation (Mounger v. Gates, supra, 193 Cal.App.3d at pp. 1258-1260, 239 Cal. Rptr. 18); to another individual police officer for enforcing procedural rights involving citizen's complaints (Aguilar v. Johnson, supra, 202 Cal.App.3d at pp. 252-253, 247 Cal.Rptr. 909); and to another individual officer who might never obtain any personal financial benefit. (Otto v. Los Angeles Unified School Dist, supra, 106 Cal.App.4th at p. 333, 130 Cal.Rptr.2d 512.) In view of this long-standing precedent, in which fees are awarded in POBRA cases, we do not think our decision in this case will open the floodgates of litigation on this issue, as ominously predicted by the County in its oral argument.
The single POBRA case, in which an appellate court held it was not an abuse of discretion to deny fees, is distinguishable because the trial court found the personal and pecuniary benefit to the individual officers and their association transcended the financial burden. (Caloca, supra, 102 Cal. App.4th at p. 447, 126 Cal.Rptr.2d 3.) Those are not the present circumstances.
The other cases relied upon by the County primarily include non-POBRA cases in which private landowners were denied their fees because of their private interests or the pecuniary or economic benefits obtained by them in litigation. (Beach Colony II v. California Coastal Com. (1985) 166 Cal.App.3d 106, 113-116, 212 Cal.Rptr. 485; Williams v. San Francisco *303 Bd. of Permit Appeals (1999) 74 Cal. App.4th 961, 970-971, 88 Cal.Rptr.2d 565; Jobe v. City of Orange (2001) 88 Cal. App.4th 412, 416-419, 105 Cal.Rptr.2d 782.) Attorney's fees were also properly disallowed in a non-POBRA, wrongful termination case brought by a highway patrolman. (Flannery v. California Highway Patrol (1998) 61 Cal.App.4th 629, 71 Cal.Rptr.2d 632.)
Thus, we conclude that where the RSA has enforced an important procedural right for its members, bearing all the financial burden and obtaining no economic or pecuniary benefit, the trial court properly awarded attorney's fees to the RSA.

2. Amount of Fees
Nor are we persuaded the trial court abused its discretion when it awarded the RSA the actual fees it incurred or that those fees should have been reduced another two-thirds to $19,005.20. The County relies on San Diego Police Officers Assn. v. San Diego Police Department (1999) 76 Cal.App.4th 19, 24, 90 Cal. Rptr.2d 6, in which the appellate court found the trial court's reduction of fees was not an abuse of discretion because "[t]he vast majority of SDPOA's time and effort was clearly spent on issues upon which the Police Department prevailed." Even if we might have ruled differently, we do not find the trial court abused its discretion where the RSA succeeded in enforcing an important and significant benefit, its members' right of representation under Government Code section 3303, subdivision (i). The award of actual fees was reasonable. (Serrano v. Unruh (1982) 32 Cal.3d 621, 639, 186 Cal.Rptr. 754, 652 P.2d 985.)
Finally, we reject the County's protest that it should have been allowed to depose the RSA's counsel on the question of attorney's fees. According to the record, most of this case involved the attorney's fees dispute.[2] Now the County seeks to proceed further by deposing RSA's lawyers on the four sets of billings they submitted to the court.
A presumption exists against deposing opposing counsel that can be rebutted only by meeting a high standard of extremely good cause, as described in (Carehouse Convalescent Hosp. v. Superior Court (2006) 143 Cal.App.4th 1558, 1562-1564, 50 Cal.Rptr.3d 129, citing Spectra-Physics, Inc. v. Superior Court (1988) 198 Cal.App.3d 1487, 1493-1496, 244 Cal. Rptr. 258.)
Certainly attorney depositions would add to the length and expense of litigation and  particularly in this case, which has been largely resolved  the parties would become sidetracked by collateral disputes. (Carehouse Convalescent Hosp. v. Superior Court, supra, 143 Cal.App.4th at pp. 1562-1563, 50 Cal.Rptr.3d 129.) Additionally, the County has not shown it was deprived of critical information; it was provided with the attorneys' billings. (Id. at p. 1563, 50 Cal.Rptr.3d 129.) Under these circumstances, the trial court properly denied the County's request to depose RSA's lawyers.

III

DISPOSITION
We affirm the judgment. The RSA as prevailing party shall recover its attorney's fees, subject to a motion in the trial court, and its costs on appeal.
We concur: McKINSTER, Acting P.J., and MILLER, J.
NOTES
[1] Throughout the opinion, we refer to Code of Civil Procedure section 1021.5 as "section 1021.5."
[2] Only one volume of the five-volume clerk's transcript concerned the underlying petition.