Filed 3/5/13  Soco West v. Cal. EPA CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SOCO WEST, INC., | |
| Plaintiff and Appellant, | G047075 |
| v. | (Super. Ct. No. 30-2010-00359507) |
| CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Rutan & Tucker, Richard Montevideo and Peter J. Howell for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Brian W. Hembacher and Thomas G. Heller for Defendants and Respondents.

\*          \*          \*

In the underlying case, the trial court granted plaintiff Soco West, Inc.'s (Soco) motion for judgment on the pleadings and issued a writ of mandate directing defendants California Environmental Protection Agency, Department of Toxic Substances Control and Deborah Raphael, in her official capacity as Director of the Department of Toxic Substances Control (collectively, DTSC) to transfer the cleanup of a hazardous waste site from Chapter 6.5 to Chapter 6.8 of Division 20 of the Health and Safety Code upon Soco's written request. We affirmed that judgment as modified. (*Soco West, Inc. v. California Environmental Protection Agency et al*. (Feb. 28, 2013, G046549) [nonpub. opn.].)

Soco moved for attorney fees under Code of Civil Procedure section 1021.5 (all further statutory references are to this code); the court denied the motion on the ground Soco had presented no evidence of its private interest or motivation for filing the lawsuit. Soco filed a motion for reconsideration, arguing the court had applied the wrong legal standard by requiring it to present evidence of its subjective motives, which raised a new issue entitling Soco to present new evidence. Denying the motion, the court found Soco had failed to present new and different facts as required by section 1008 and rejected the claim it had required Soco to present evidence of its personal motivations.

Soco contends the court applied the wrong evidentiary standard in denying the fee motion and should have granted reconsideration because the ruling raised a new issue. Finding no error, we affirm.

DISCUSSION

1.  *Denial of Fee Motion*

    a.  *Introduction*

As a preliminary matter, we reject DTSC's claim we should not reach the merits of Soco's appeal because the order appealed from is not contained in the joint

2

appendix.  Soco filed the order along with its reply brief and we deem it part of the record on appeal.

Soco contends the issue of whether the court misconstrued section 1021.5 is a question of law subject to de novo review.  We agree.

In determining whether a party has met the statutory requirements for section 1021.5 fees, "'we focus on whether the court applied the proper legal standards under section 1021.5 and, if so, whether the result was within the range of the court's discretion.'  [Citation.]"  (*Vargas v. City of Salinas* (2011) 200 Cal.App.4th 1331, 1339.)  We review de novo whether a court applied the correct legal standard.  (*People v. Brunette* (2011) 194 Cal.App.4th 268, 276; *In re Marriage of David & Martha M.* (2006) 140 Cal.App.4th 96, 100-101.)  If it did, we review the court's ruling for abuse of discretion.  (*Vargas v. City of Salinas*, *supra*, 200 Cal.App.4th at p. 1339.)

To recover fees under section 1021.5, the applicant must show, inter alia, """"the necessity and financial burden of private enforcement are such as to make the award appropriate."'  [Citation.]"  (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214 (*Whitley*).)  This element, which is dispositive in this case, requires the court to examine the necessity of private enforcement and "the costs of the litigation" in light of "any offsetting financial benefits that the litigation yields or reasonably could have expected to yield.  '"An award . . . is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff 'out of proportion to his individual stake in the matter.'  [Citation.]"'  [Citation.]  'This requirement focuses on the financial burdens and incentives involved in bringing the lawsuit.'  [Citation.]"  (*Whitley*, *supra*, 50 Cal.4th at p. 1215.)  The party seeking fees under section 1021.5 "'bears the burden of establishing that its litigation costs transcend its personal interest.'  [Citations.]  In deciding whether this burden has been met, a trial court is required to make a 'comparison of the litigant's

3

private interests with the anticipated costs of suit.' [Citation.]" (*Save Open Space Santa Monica Mountains v. Superior Court* (2000) 84 Cal.App.4th 235, 247, italics omitted.)

### b. *Application of Correct Legal Standard*

In denying the fee motion, the court found Soco had failed to "show that the cost of litigation transcends its individual stake in the litigation." Because Soco "present[ed] no evidence whatsoever of . . . its personal stake in the litigation . . . " and [n]one of the declarations address[ed] what benefit . . . [Soco] received or its motivation for filing this lawsuit," "the [c]ourt [was] unable to balance its personal interest against the cost of the litigation."

Soco argues the court applied the wrong legal standard because its "personal stake" and "motivations" were irrelevant and contrary to case law, including *Whitley*, which hold "only the plaintiff's 'quantifiable' financial interest in the case is to be considered." (Bold and italics omitted.) The claim lacks merit. We perceive no distinction between the court's use of "personal stake" and "motivation" and *Whitley*'s use of "individual stake" and "incentives." (*Whitley*, *supra*, 50 Cal.4th at p. 1215.) Nor is there anything in the order itself suggesting the court was referring to Soco's subjective motives, rather than its financial interests. As *Whitley* observed, "a court may speak of the litigant's motivation 'as a shorthand reference to a court's conclusion that the objective financial incentives for prosecuting the lawsuit were not disproportionate to the financial burden.' Motivation language is particularly useful because in assessing the financial burdens and benefits in the context of section 1021.5, we are evaluating incentives rather than outcomes." (*Whitley*, *supra*, 50 Cal.4th at p. 1220.)

### c. *Comparison of Estimated Value Versus Costs of Case*

Soco also contends the court improperly ignored its evidence demonstrating its lack of financial interest in the result. We disagree.

4

"The appropriate inquiry is whether the financial burden of the plaintiff's legal victory outweighs the plaintiff's financial interest. [Citations.] An attorney fee award under section 1021.5 is proper unless the plaintiff's reasonably expected financial benefits exceed by a substantial margin the plaintiff's actual litigation costs." (*Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140, 154.) In evaluating this factor, "'[t]he trial court must first fix—or at least estimate—the monetary value of the benefits obtained by the successful litigants themselves. . . .'" (*Whitley*, *supra*, 50 Cal.4th at p. 1215.) The court never made it past this step because Soco failed to present any evidence allowing it to fix or estimate the pecuniary value of the benefits Soco received.

The only evidence submitted by Soco in its moving papers was the declaration of its lead attorney, who did not address Soco's financial interests but rather primarily attested to the amount of attorney fees incurred. Although Soco asserted it would not receive any "immediate economic benefit," it cited no supporting evidence.

DTSC opposed the fee motion, noting the absence of evidence of Soco's financial interest evidence and arguing the outcome of the underlying litigation requiring DTSC to take corrective action under Chapter 6.8 rather than Chapter 6.5 possibly benefited Soco financially by giving it the ability to (1) obtain contribution and cost allocation from other responsible parties, (2) reduce its financial assurance costs, and (3) recover from insurers.

In its reply brief, Soco presented two additional attorney declarations and one from its president Raj Mehta. Contrary to Soco's claim, the court did not ignore this evidence but expressly found none of them showed Soco's benefit or motivation for filing the lawsuit. This was within the court's discretion, as the attorney declarations dealt with only the amount of the fees incurred, while Mehta merely rebutted DTSC's evidence. In particular, Mehta attested, "[t]o [his] knowledge," Soco's ability to obtain insurance coverage would not be affected by the transfer to Chapter 6.8, he was unaware of any insurance policy Soco could recover under, and Soco intended to comply with

5

DTSC's demand for increased financial assurance by providing a performance bond, which it intended to maintain until completion of the cleanup. Mehta does not identify Soco's individual financial stake or incentive for filing the lawsuit. (*Whitley*, *supra*, 50 Cal.4th at p. 1215.) And merely rebutting the theories advanced by DTSC does not provide any basis for the court to "'fix—or at least estimate—the monetary value of the benefits obtained by'" Soco. (*Ibid.*)

Soco contends it was not required to prove a negative, noting that in the cases cited by DTSC, actual evidence was submitted showing the moving party's financial interest outweighed its litigation costs and none "involved a denial of fees based on a lack of evidence of the party's personal motivation for the suit." Neither did this case. Rather, the court denied the fee motion because Soco had not presented any evidence of its financial interest in the litigation. We reject any suggestion by Soco it did not have the obligation to provide such evidence. As the party claiming fees, Soco had the burden to present evidence establishing its litigation costs transcended its financial interests. (*Save Open Space Santa Monica Mountains v. Superior Court*, *supra*, 84 Cal.App.4th at p. 247.) It failed to do so.

Soco maintains the litigation did not result in "any direct or calculable financial benefit" and that the only potential financial benefit, the possibility of a future contribution claim, was speculative because no cleanup costs had yet been incurred under Chapter 6.8, it was unknown how much of the costs it incurred would be the responsibility of other parties, and the success of a contribution action could not be predicted. But none of the declarations addressed contribution or the likelihood of success of any such action.

Had such evidence been presented, the court could have evaluated the estimated value of any contribution action. As *Whitley* instructs, "in assessing the financial burdens and benefits in the context of section 1021.5, we are evaluating incentives rather than outcomes. '"[W]e do not look at the plaintiff's actual recovery

6

after trial, but instead we consider 'the estimated value of the case at the time the vital litigation decisions were being made.'" [Citation.] The reason for the focus on the plaintiff's expected recovery at the time litigation decisions are being made, is that . . . section 1021.5 is intended to provide an incentive for private plaintiffs to bring public interest suits when their personal stake in the outcome is insufficient to warrant incurring the costs of litigation.' [Citation.]" (*Whitley*, *supra*, 50 Cal.4th at p. 1220-1221.) Soco never provided evidence of its estimated value of the case.

Moreover, the uncertainty of the success of any contribution claim does not alone entitle Soco to section 1021.5 fees, as that "is a financial risk inherent in any litigation where . . . section 1021.5 fees are sought." (*Planned Parenthood v. City of Santa Maria* (1993) 16 Cal.App.4th 685, 692.) *Planned Parenthood* affirmed the denial of attorney fees to a plaintiff whose primary objective was to obtain grant money and "[n]o evidence was presented that the litigation transcended [its] financial interests and imposed a financial burden disproportionate to its individual stake in the matter." (*Id*. at p. 691.) The court also rebuffed the plaintiff's claim "its litigation costs 'far outstrips the $60,000 grant [it] may one day get,'" because such risk was "inherent." (*Id*. at p. 692.)

The same applies here. To the extent Soco filed the action to obtain contribution, its direct primary objective would have been financial and the risk of being unsuccessful was inherent. We also observe the financial implications inherent in Soco's claim in its respondent's brief on appeal from the judgment that it filed the underlying action to transfer the cleanup to Chapter 6.8 to eliminate DTSC's "bizarre Chapter 6.5-based enforcement actions." The cases cited by Soco are inapposite because none of the plaintiffs directly sought a financial benefit and all identified a principal non-pecuniary motive. (See *Baggett v. Gates* (1982) 32 Cal.3d 128 [action to enforce right to administrative appeal before reassignment to lower paying position]; *Otto v. Los Angeles Unified School Dist.* (2003) 106 Cal.App.4th 328 [action to secure right to administrative appeal of placement of written note in personnel file]; *Citizens Against Rent Control v.*

7

*City of Berkeley* (1986) 181 Cal.App.3d 213 [action to invalidate ordinance limiting campaign contributions].)

The court did not abuse its discretion in determining Soco failed to meet the "financial burden" element of section 1021.5. We thus need not consider whether Soco satisfied the remaining criteria, i.e., that the action """"resulted in the enforcement of an important right affecting the public interest""" and conferred a significant benefit """"on the general public or a large class of persons.""" (*Whitley*, *supra*, 50 Cal.4th at p. 1214.)

*2. Motion for Reconsideration*

Soco argues the court erred in denying its motion for reconsideration. We disagree.

Section 1008 allows the court to reconsider and modify, amend or revoke its prior order when the moving party shows the existence of "new or different facts, circumstances, or law." (§ 1008, subd. (a).) The trial court's ruling on a motion for reconsideration is reviewed for abuse of discretion. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

Soco contends the court's order denying its fee motion for failure to present evidence of its subjective motivations in filing its lawsuit constituted a "new issue" arising after it had completed its briefing that entitled it to reconsideration. (*Kollander Construction, Inc. v. Superior Court* (2002) 98 Cal.App.4th 304, 314, disapproved on another ground in *Le Francois v. Goel* (2005) 35 Cal.4th 1004, 1197, fn. 5; *Monarch Healthcare v. Superior Court* (2000) 78 Cal.App.4th 1282, 1286.) But as noted above, there is nothing in the order suggesting the court was referring Soco's subjective motivations. The court did not abuse its discretion in denying the motion.

8

DISPOSITION

The postjudgment order is affirmed.  Respondents shall recover their costs on appeal.

 

RYLAARSDAM, ACTING P. J.

WE CONCUR:

ARONSON, J.

FYBEL, J.