Filed 8/15/23  Keen v. City of Manhattan Beach CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DARBY T. KEEN, as Trustee of The Darby T. Keen Living Trust,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>CITY OF MANHATTAN BEACH, et al.,<br><br>     Defendants and Respondents. | B314744<br><br>Los Angeles County Super. Ct. No. 19STCP02984 |

APPEAL from an order of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Angel Law and Frank P. Angel for Plaintiff and Appellant.

Richards, Watson & Gershon, Quinn M. Barrow, Ginetta L. Giovinco, and Sarah E. Gerst for Defendants and Respondents.

_____

Darby Keen sued the City of Manhattan Beach to enjoin it from preventing him from renting his house in the City on a

short-term basis. The rise of online services like Airbnb made this short-term rental issue acute for the City. Keen won in the trial court and on appeal. (*Keen v. City of Manhattan Beach* (2022) 77 Cal.App.5th 142, 144-151.)

On remand, Keen sought an attorney fee award under section 1021.5 of the Code of Civil Procedure.

This statute allows attorney fees generally only if the private incentive to sue was too small to motivate the litigation. In other words, if the expected private gain from the suit outweighs its private costs, there is usually no warrant for a public interest fee award. Fee awards under those circumstances can be an abuse of discretion. (See, e.g., *Millview County Water Dist. v. State Water Resources Control Bd.* (2016) 4 Cal.App.5th 759, 767-773.)

Here that private incentive was large enough, held the trial court in a careful written analysis. The court awarded no fees. We affirm.

I

The trial court found Keen could expect to net about $90,000 from his lawsuit, which sufficed to motivate him without the need for an attorney fee award.

The court used a logical and detailed method to calculate this $90,000 benefit. The court estimated Keen's annual net income from renting his house would be about $121,000 a year. The court found the litigation would yield this annual benefit for five years, thus creating a total benefit for Keen of at least $605,000 (which is the product of five times $121,000). The court estimated Keen's probability of success at 65 percent, thus

2

reducing the total private financial benefit to $393,250 ($605,000 times 65 percent).  Reducing that figure by the alleged market value of Keen's attorney's fees in the case, $305,565.86, Keen's financial benefit exceeded his fees by almost $90,000.  The court thus rejected Keen's request for a fee award, and he appealed.

## II

We review for abuse of discretion, except that we independently review statutory construction and questions of law.  (*Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal.4th 1018, 1025-1026.)

Keen mounts seven challenges to the trial court's decision.

## A

Keen incorrectly argues the trial court's analysis is flawed because any benefit he received is "once removed" from the result of the litigation.  This argument errs because the trial court judgment invalidated the ordinances and left Keen immediately free to rent as he pleased.  He could begin reaping this financial benefit the day the trial court entered judgment in his favor.  No barriers blocked this benefit.  It was not "once removed."

Keen speculates the California Coastal Commission, in the future, might allow the City to enact a less restrictive ban or other regulation on short term rentals.  The trial court did not abuse its discretion by finding that Keen's pecuniary benefits were immediate, direct, and tangible.

These facts distinguish the cases Keen cites.  (See *Baggett v. Gates* (1982) 32 Cal.3d 128, 143 [winning the right to appeal an adverse employment action was no guarantee the appeal would succeed]; *Early v. Becerra* (2021) 60 Cal.App.5th 726, 741-742

3

[litigant won place on ballot but no guarantee he would be elected, so to count the salary benefit from the elected position was improper speculation]; *Boatworks, LLC v. City of Alameda* (2019) 35 Cal.App.5th 290, 310 [litigant successfully challenged ordinance setting development fees but had not received approval of its project so had no guarantee it would benefit from the reduced fee]; *People v. Investco Mgmt. & Dev. LLC* (2018) 22 Cal.App.5th 443, 470 [litigants opposed motion to stay separate cases but won no guarantee they ultimately would win the litigation]; *Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 230 [litigants successfully challenged ordinance limiting campaign contributions but had no guarantee of defeat for the measure they opposed]; *Otto v. Los Angeles Unified School Dist.* (2003) 106 Cal.App.4th 328, 330-331, 333 [litigants won right to appeal but not a guarantee of appellate victory].)

B

Keen next claims the trial court erred by not crediting his evidence that he had no financial incentive to bring the suit because he could have made more money by renting his house on a *long*-term basis, which the ordinances allowed him to do. He argues that this showed he had a financial *dis*incentive to bring suit.

Keen's argument is unsupported and untenable. The trial court noted Keen provided no evidence he had rented his property out long-term or would ever do so. As far as the record shows, Keen had never made money renting his property out long-term. But he did gross about $400,000 over a four-year period renting

his property for short terms. The trial court did not abuse its discretion in finding Keen's short-term rental income provided a financial incentive to litigate. (See *Children and Families Commission of Fresno County v. Brown* (2014) 228 Cal.App.4th 45, 58 [trial court did not abuse discretion denying award because personal stake sufficed to encourage litigation].)

C

Keen complains the trial court inflated his benefit by cherry-picking the highest occupancy rate and highest rental rate instead of using an average of each over the four years. Keen's complaint fails because the trial court had logical reasons for its method. Keen declared he did not think he could rent his house out for more than 121 days a year. The court took him at his word. This was conservative. Common sense suggests Keen could rent a beach house in Southern California for more of the year because, in a balmy climate, it is pleasurable to be near the ocean year-round. The trial court did not abuse its discretion in accepting the 121-day figure. The trial court noted that since 2017 Keen's rental rates had increased. The court therefore chose the most recent nightly rate as the best prediction of what current rates would be. This was reasonable.

D

Keen disputes the trial court's decision to multiply his annual income by five. He argues the court knew he could not rent out the property for at least a portion of the time from 2019 to 2024 because it generally takes at least a year for a petition of mandate relying on an evidentiary record to result in a judgment. The trial court selected the five-year timeframe because Keen testified he would be moving back into the property in 2024. The trial court noted, however, the City's valid objection

5

that there was no evidence that Keen planned to move back in 2024 when he made the decision to litigate in 2019. The trial court's selection of a five-year window was generous to Keen. The court reasonably could have selected a longer window. A five-year window for estimating Keen's incentives was not an abuse of discretion.

E

Keen argues the trial court erred by finding he had a 65 percent probability of succeeding instead of a 50 percent chance. Keen argues the City did not object to the 50 percent estimate and no evidence supports the 65 percent figure. Keen maintains 50 percent was the largest credible success estimate, given that, when he made the decision to litigate, there were two court decisions going against his position and only one in his favor. The trial court, however, noted the decision favoring Keen was after a trial, while the two contrary decisions merely concerned motions for preliminary injunctions. A trial result is more significant than decisions about preliminary injunctions. Where the trial court uses a valid method with the necessary and available evidence, its conclusions merit deference. (*Los Angeles Police Protective League v. City of Los Angeles* (1986) 188 Cal.App.3d 1, 11.) As Keen notes, we may "correct" a "questionable estimate or a faulty calculation." (*Ibid*.) Here, the trial court looked at the available evidence and made a reasonable estimate. We do not disturb it.

F

Keen faults the trial court for not granting him fees on the theory that his litigation produced such a marked public benefit that the ratio between that benefit and his private gain showed

6

his efforts were particularly deserving.  The most recent case Keen cites in support of this argument is *City of Oakland v. Oakland Police & Fire Retirement System* (2018) 29 Cal.App.5th 688, 703 (*Oakland*), which stated this theory applies in the "unusual case." (*Ibid.*)  As Keen states in his reply brief, the parties "argued at some length" about this issue at the hearing.

The court did not apply this theory in this case, which was no abuse of discretion.  The *Oakland* decision gave several reasons for offering the bounty of a court-awarded fee to encourage litigation of the kind involved in that case.  The *Oakland* plaintiff group faced many barriers to collective action. The group had difficulty communicating with its elderly members, many of whom were scattered throughout the United States.  These people lacked internet access, lived in care homes, had not provided telephone numbers, or had turned their finances over to others.  The group's staff members were few in number and were able to speak to only a few dozen pensioners. The group had carefully set its membership dues at $15 a month because charging more would have impaired its ability to attract members.  At least one member had resigned from the group because he needed to save money for himself rather than fund the litigation.  (*Id.* at pp. 703, 705-708 & fns. 6 & 7.)  The *Oakland* opinion concluded these factors "—including the relative poverty of the [plaintiff group] and its members—[were] all valid considerations in a section 1021.5 fee analysis and tip the scales decisively in favor of a fee award in these proceedings . . . ."  (*Id.* at p. 708.)

7

Keen faced none of these barriers to his litigation effort. Keen owned property in an expensive part of an expensive city. He sought to free property owners like himself to continue to exploit a profit opportunity. His lawsuit brought him a personal $90,000 bounty. There is a sense in which Keen's case was "public interest litigation," but the trial court did not abuse its discretion by deciding this case was not an "unusual case" deserving of an extra litigation incentive.

G

Keen argues the trial court erred in not apportioning fees. Apportionment becomes an issue, however, only after a party establishes an entitlement to fees. (*Doe v. Westmont College* (2021) 60 Cal.App.5th 753, 767 (*Doe*) [on remand, if the trial court determines criteria of section 1021.5 are met, it must award fees and "only then" should the court determine apportionment issues].) The court found Keen did not meet the criteria for a fee award, so there was nothing to apportion.

Keen argues case law requires a separate analysis of attorneys' and clients' incentives and burdens under Section 1021.5. The cases he cites are inapposite. *Doe* held a court may not refuse to award fees on the ground that apportionment would be too difficult. (*Doe*, *supra*, 60 Cal.App.5th at p. 767.) That is not the issue. For general principles about creating incentives for attorneys to take such cases, Keen cites *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132-1133, *Broad Beach Geologic Hazard Abatement Dist. v. 31506 Victoria Point LLC* (2022) 81 Cal.App.5th 1068, 1096, and *Sonoma Land Trust v. Thompson* (2021) 63 Cal.App.5th 978, 983-984. None of these cases held it to be an abuse of discretion to fail to award attorney fees where the trial court found sufficient individual motivation for the

litigant because the attorney had not charged market rates.  A court has discretion to restrict an award to only the portion that furthered the litigation of public issues.  Keen errs in arguing this implies a court must provide *some* award of fees.

Keen emphasizes his attorneys took this case at a discounted rate.  That was their business decision.  The trial court did not use the amount Keen paid, but accepted the attorneys' lodestar amount calculated using the alleged market rates.  This was not an abuse of discretion.

## DISPOSITION

We affirm the order and award costs to the City.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.

9